Kirk D. Miller, WSBA No. 40025
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

Shayne Sutherland, WSBA No. 44593
Brian Cameron, WSBA No. 44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH SCHWAGERL, | Case No.: |
| Plaintiff, | |
| vs. | COMPLAINT |
| | (JURY DEMANDED) |
| WITHERSPOON, KELLEY, DAVENPORT & TOOLE, P.S. and DOES 1-5, | |
| Defendants. | |

Plaintiff Joseph Schwagerl, by and through his attorneys Kirk D. Miller of *Kirk D. Miller, P.S.*, and Shayne Sutherland of *Cameron Sutherland, PLLC*, pleads the following allegations and claims against Defendant Witherspoon, Kelley,

COMPLAINT - 1

Davenport & Toole, P.S. (hereinafter "WKDT"), and its agents, (hereinafter "Does 1 – 5") as follows:

## I. INTRODUCTION

This is an action against Defendants for violating the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692i.

## II. JURISDICTION

2.1  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this claim occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. PARTIES

3.1  The Plaintiff is a resident of the state of Washington.

3.2  Plaintiff is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.3  Defendant WKDT is a corporation that regularly collects debts owed to another.

COMPLAINT - 2

3.4 Defendant Does 1-5 are employees of WKDT who regularly collect debts owed to another.

3.5 All acts performed by Defendant Does 1-5 were performed for the benefit of WKDT and vice versa.

3.6 Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

3.7 Defendants' conduct is regulated by the FDCPA.

## IV.  FACTS

4.1 Prior to March 2018, Plaintiff moved to Arizona.

4.2 Plaintiff has not resided in Spokane, Washington since prior to March 2018.

4.3 Prior to March 2018, Spokane Teachers Credit Union (STCU) hired Defendant WKDT to collect a debt from Plaintiff.

4.4 On March 26, 2018, Defendants filed a lawsuit against Plaintiff on behalf of STCU in the Spokane County Superior Court in an attempt to collect an alleged debt.

4.5 In the March 26, 2018 complaint, SFCU alleges Plaintiff entered into an agreement with SFCU for a loan in the amount of ten thousand dollars ($10,000).

COMPLAINT - 3

4.6   On April 24, 2018, the SFCU complaint against Plaintiff was dropped on the ground outside Plaintiff's residence in Arizona.

4.7   The Consumer Loan Application filed as part of Exhibit A attached to the March 26, 2018 complaint is not signed by Plaintiff Schwagerl.

4.8   Plaintiff's alleged debt was an obligation to pay money to SFCU arising out of a transaction primarily for personal, family, or household purposes.

4.9   The loan allegedly taken out by Mr. Schwagerl was a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

## V.   FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1   Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

COMPLAINT - 4

5.2   15 U.S.C. § 1692i requires that:

> Any debt collector who brings any legal action on a debt against any consumer shall --
> (2) … bring such action only in the judicial district or similar legal entity --
> (A) in which such consumer signed the contract sued upon; or
> (B) in which such consumer resides at the commencement of the action.

5.3   Plaintiff did not sign the contract sued upon.

5.4   Plaintiff did not reside in Spokane County at the time the lawsuit was commenced against him.

5.5   Defendants violated 15 U.S.C. § 1692i.

## VI.   RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

6.1   For declaratory relief holding that Defendants' practices complained of herein violated the Fair Debt Collection Practices Act;

6.2   For statutory damages in the amount of one thousand dollars ($1,000) pursuant to 15 U.S.C. § 1692k(a)(2);

6.3   For costs and reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

6.4   For such other further relief as the Court deems just and equitable.

COMPLAINT - 5

DATED this 24th day of April, 2019.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

*Cameron Sutherland, PLLC*

/s Shayne Sutherland
Shayne Sutherland, WSBA #44593
Attorney for Plaintiff

COMPLAINT - 6